ESTATE OF JACOB GIDWITZ, DECEASED, ROSE GIDWITZ, EXECUTRIX, (DECEASED), JOSEPH L. GIDWITZ, GERALD S. GIDWITZ AND WILLARD M. GIDWITZ, EXECUTORS OF THE ESTATE OF ROSE GIDWITZ, DECEASED AND SOLE SURVIVING HEIRS OF JACOB GIDWITZ, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21764. Promulgated June 23, 1950.

*Harry R. Hurvitz, C. P. A.,* and *Morris W. Needlman, C. P. A.,* for the petitioners.

*Harold H. Hart, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge*: Although the decedent was an elderly man and was not in the best of health, nevertheless the conclusion that the transfer to the trust was in contemplation of death stems more from the terms of the instrument than from the condition of the decedent's health at the time he made the transfer. He was then past 72 years of age and he died about 8 years later from a heart attack. He liked to travel and to fish and he expected to enjoy a number of years of life after 1936. Yet, the terms of the trust which he created, paralleling to a considerable extent the terms of his will, when considered in the light of all other facts, indicate pretty clearly that the transfer to the trust was actually made in contemplation of death.

The chief purpose of section 811 (c) "is to reach substitutes for testamentary dispositions and thus to prevent the evasion of estate tax." *United States* v. *Wells*, 283 U. S. 102. The Court held in that case that a transfer may be in contemplation of death even though not induced by a fear that death is imminent. It is sufficient if the dominant purpose of the transfer was to provide for beneficiaries after the death of the decedent by a substitute for testamentary disposition.

The income of the trust in the present case was to be accumulated during the lifetime of the decedent. The beneficiaries were prohibited from anticipating the benefits which they would receive from the trust beginning after the death of the decedent. Thus no beneficiary was to enjoy the trust during the life of the decedent. The widow was to receive the income after his death and upon her death, or at his death if she predeceased him, the principal was to be distributed to the sons or to the descendants of any son then deceased. The method of determining how much was to go to each son was unusual and was originated and prescribed by the decedent. It was to be carried out after his death. This trust was in a true sense a substitute for testamentary disposition.

A saving in income taxes for 1936 is urged as the primary reason for creating the trust. There is evidence that the decedent had in mind the avoidance of some income taxes, a purpose connected with life rather than with death, and it is argued in the brief that, if he merely wanted to provide for his wife and children at or after his death, there was no occasion for a trust, as his will would accomplish that purpose and, from that, it is argued that his dominant motive was to save income taxes. However, a disposition which is in effect a testamentary disposition is made in contemplation of death even though, to save taxes, it may be put in the form of an *inter vivos* trust rather than as a part of a will. A will is made in contemplation of death and, in that sense, so was this trust made in contemplation of death.

*Igleheart* v. *Commissioner*, 77 Fed. (2d) 704; *Oliver* v. *Bell*, 103 Fed. (2d) 760; *Allen* v. *Trust Co. of Georgia, Executor*, 326 U. S. 630. The tax-saving purpose in such cases becomes relatively insignificant as compared to the dominant purpose to dispose of a large part of the decedent's property by a method which is a substitute for testamentary disposition. *Igleheart* v. *Commissioner, supra.* The evidence does not show a dominant purpose connected with life.

It is held, following *Estate of James E. Frizzell*, 9 T. C. 979; affd., 177 Fed. (2d) 739, that the income on the trust property from the date of the creation of the trust to the date of the death of the decedent is not to be included in the gross estate.

*Decision will be entered under Rule 50.*